### STATE v. WRIGHT BYNUM AND WILLIAM RANDALL.

(Filed 10 September, 1930.)

**Criminal Law L a—Appeal in capital cases will be dismissed for failure to prosecute according to Rules of Court, no errors appearing of record.**

> Whether the Supreme Court acquires jurisdiction of an appeal in *forma pauperis* from a conviction of a capital felony when the affidavit for leave to appeal fails to state, as required by C. S., 4651, that the "application is in good faith," *quære?* and where the appeal has not been prosecuted as required by the Rules of Court the appeal will be dismissed upon the motion of the Attorney-General after an examination of the record proper for errors appearing upon its face.

MOTION by State to docket and dismiss appeal.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

STACY, C. J. At the May Term, 1930, Wilson Superior Court, the defendants herein, Wright Bynum and William Randall, were tried upon an indictment charging them with the murder of one Callie Williford, which resulted in a conviction and sentence of death as to both of the defendants. From the verdict thus rendered and judgment entered thereon, the defendants gave notice of appeal to the Supreme Court, but this has not been perfected as required by the rules, in fact nothing has been done looking to this end.

As the attempted appeal is *in forma pauperis,* and the affidavit for leave to appeal without giving security for costs fails to state, as required by C. S., 4651, that "the application is in good faith," it may be

doubted as to whether we have any jurisdiction to hear the matter. *S. v. Brumfield,* 198 N. C., 613. Nevertheless, as the case is a capital one, we have examined the papers and find no error on the face of the record proper.

The motion of the State must be allowed.

Appeal dismissed.